UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JUSTIN WATKINS, individually and as
Class Representative,

    Plaintiff,

v.                                                                                    CASE NO.:

DRP MASONRY, LLC, and DONNIE C.
WILLIAMS,

    Defendants.

_____/

**COLLECTIVE ACTION COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDAR ACT**

COMES NOW, the Plaintiff, JUSTIN WATKINS (hereafter "Plaintiff"), individually and on behalf of the class of similarly situated employees; by and through the undersigned counsel, and hereby sues the Defendants', DRP MASONRY, LLC and DONNIE C. WILLIAMS (collectively hereafter "Defendants'"), seeking damages for unpaid wages, under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). In support thereof, Plaintiff alleges as follows:

**INTRODUCTION**

1.    This is an action brought by Plaintiff, individually and as a representative for a collective action, against his employer, Defendants, for unpaid overtime pursuant the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. Plaintiff and the putative class members were not paid overtime premium pay for the hours worked over forty (40) per week, even though they were "non-exempt" employees, and thus entitled to such wages under federal law.

## JURISDICTION AND VENUE

2. This is an action for damages that exceeds the minimal jurisdiction limits of this court.

3. This Court has subject matter jurisdiction over this action, pursuant to 29 U.S.C. § 216(b), which provides that a suit under 29 U.S.C. § 207 of the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

4. Venue is proper in Bay County, Florida, pursuant to Section 47.011, Florida Statutes, as the Defendant, DRP MASONRY, LLC. (sometimes hereafter Defendant DRP) have their principal place of business in Bay County and do business in Bay County. Further, a substantial part of the events and omissions giving rise to the claims pled in this Complaint occurred within this County.

## PARTIES

5. Plaintiff brings this action individually and as a collectively for the following persons:

> All workers who were employed by the Defendants and spent all or part of their workweek performing task typically associated with the construction or masonry work, including operating heavy equipment, transporting materials, masonry/concrete work, and performing physical labor on-site for Defendant's

Complaint
*Justin Watkins v.* DRP Masonry, LLC, and Donnie C. Williams
Law Office of J.J. Talbott.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **2** of **20**

different construction projects and did not received the overtime premium pay for all hours worked over forty (40) per workweek during the last three (3) years.

6. Plaintiff is an adult individual residing in the State of Florida.

7. At all-time material, was employed by the Defendants during the three (3) years preceding this Complaint and performed work for Defendants in the State for Florida, State of Alabama and in this District.

8. Plaintiff consents in writing to be a party to this collective action pursuant to 29 U.S.C. § 216(b).

9. Defendant DRP MASONRY, LLC is a Florida Limited Liability Company with its principal address at 701 E. Tennessee Street, Tallahassee, FL 32308.

10. Defendant DONNIE C. WILLIAMS is a resident of the State of Louisiana and does business in this County.

11. During all times material to this complaint, Defendants were "employers" withing the meaning of Section 3(d) of the FLSA, 29 U.S.C § 203(d).

12. During all the times material to this complaint, Defendants were an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C § 203(r) and an enterprise engaged in commerce or in the production of goods for commerce withing the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C § 203(s)(1).

13. During all times material to this Complaint, Plaintiff and the putative class members were "employees" of the Defendants withing the meaning of FLSA, 29 U.S.C § 203(d)

Complaint
*Justin Watkins v.* DRP Masonry, LLC, and Donnie C. Williams
Law Office of J.J. Talbott.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **3** of **20**

## STATEMENTS OF FACTS

14. Defendant DRP MASONRY, LLC operated a commercial masonry systems contracting company in Luisiana, Mississippi, Alabama, Arkansas, Florida, Texas, Nevada and South Carolina.

15. At all times material, Defendant DRP MASONRY, LLC. did business as "DRP PRIMETIME MOBIL MASONRY".

16. At all times material, Defendant DONNIE C. WILLIAMS was the President of Defendant DRP with operational control of the business.

17. Defendant WILLIAMS owned and ran the day-to-day operations of Defendant DRP.

18. At all times material herein, Defendants, individually, and collectively are an employer and enterprise engaged in interstate commerce and are subject to FLSA.

19. Defendant DRP MASONRY, LLC., at all times material, has annual revenue of at least $500,000.00 and is subject the FLSA.

20. Defendant DONNIE C. WILLIAMS at all times material, has annual revenue of at least $500,000.00 and is subject the FLSA.

21. Alternatively, Defendants, individually, and/or collectively, at all times material, have annual revenues of at least $500,000.00 and are subject the FLSA.

Complaint
*Justin Watkins v.* DRP Masonry, LLC, and Donnie C. Williams
Law Office of J.J. Talbott.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **4** of **20**

22. During the three (3) years before the date on which this Complaint was filed, Plaintiff was employed by Defendants as a rough terrain forklift operator wherein Plaintiff provided services with physical labor on-site at the Defendant's different construction projects.

23. Plaintiff worked for Defendants from approximately April 21, 2024, through May 28, 2025, as a rough terrain forklift operator.

24. At all times material, Plaintiff was Defendants' "employee" withing the meaning of FLSA, 29 U.S.C § 203(e)(1).

25. At all times material, Defendants employed Plaintiff and at least one additional operator who performed the same or similar Job as Plaintiff.

26. Defendants, individually and collectively, were at all times material "employers" of Plaintiff withing the meaning of the FLSA, 29 U.S.C § 203(d).

27. Defendants, individually and collectively, were at all times material Plaintiff's employers and were an enterprise engaged in interstate commerce and subject to the FLSA.

28. In addition to the above describe activity, Defendants, as part of their business, would engage in interstate commerce:

    a. By transacting business with foreign corporation which were part of the interstate commerce, purchasing equipment, materials and supplies form dealers, wholesalers, suppliers, and retailers outside the state of Florida, which were part of interstate commerce.

Complaint
*Justin Watkins v.* DRP Masonry, LLC, and Donnie C. Williams
Law Office of J.J. Talbott.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **5** of **20**

   b. By advertising on the World Wide Web and other mediums to potential clients outside the State of Florida; and/or

   c. By transacting business across state lines, all of which are part of interstate commerce.

29. Furthermore, Defendants, obtained, exchanges, and sent/received funds to and from areas outside of the State of Florida and to the State of Florida, used telephonic transmissions going outside the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

30. Defendants supervised the operation of the business, including hiring and firing employees, determining compensation policies and procedures, setting work schedules for employees, and providing work assignments for employees.

31. Defendant WILLIAMS, is an owner, director officer and managing member of the Defendant DRP MASONRY, LLC., who supervised the operation of the business, including hiring and firing employees, determining compensation policies and procedures, setting work schedules for employees, and providing work assignment for employees.

32. Defendants individually and/or collectively supervised the operations of the business, including hiring and firing employees, determining compensation policies and procedures, setting work schedules for the employees, and providing work assignments for employees.

Complaint
*Justin Watkins v.* DRP Masonry, LLC, and Donnie C. Williams
Law Office of J.J. Talbott.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **6** of **20**

33. At all times material herein, Defendants, individually and collectively, controlled Plaintiff's, and the opt-in Plaintiffs;, day to day activities, supervised, and/or had operational control over them, were responsible for hiring, had the ability to terminate them and could set their rate of pay/determining if the minimum wage or overtime was to be paid.

34. Defendants also controlled Plaintiff's, and the opt-in Plaintiffs', work schedule including the number of days and hours worked, determining and assigning work duties, and supervising them.

35. Plaintiff, and the opt in Plaintiffs, were covered by the FLSA as they utilized the instrumentalities of interstate commerce while performing duties for Defendants.

36. While employed with Defendants, Plaintiff's and the opt in Plaintiffs' work duties included, but were not limited to operating heavy equipment, transporting materials, finishing concrete, masonry work, and performing physical labor on-site at the Defendant's different construction projects, driving to job locations, and customer services, wherein they provided the construction services to Defendants' commercial and residential customers.

37. As part of his work duties for Defendants, Plaintiff, and the opt in Plaintiffs, regularly used and/or facilitated interstate commerce, including but not limited to ordering supplies, and goods, telephone or fax, and receipt of goods ordered form out-of-state suppliers, and driving to job location.

38. Plaintiff, and the opt in Plaintiffs, were "non-exempt" employees of Defendants.

Complaint
*Justin Watkins v.* DRP Masonry, LLC, and Donnie C. Williams
Law Office of J.J. Talbott.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **7** of **20**

39. Plaintiff, and the opt in Plaintiffs, were hourly employees of Defendants and did not earn commission.

40. Plaintiff and other similarly situated employees were paid hourly rates ranging between $21.00 and $28.00 per hour.

41. Plaintiff, and the opt in Plaintiffs, worked the number of hours required by Defendants but were not properly paid for each and every hour worked over forty (40) hours.

42. Defendants suffered and permitted Plaintiff, and the opt in Plaintiffs, to work as their employees, but did not pay the appropriate rate for all work that Plaintiff, and the opt in Plaintiffs, performed for them, including overtime pay.

43. Plaintiff, and the opt in Plaintiffs, regularly worked over forty (40) hours in a work week for Defendants but were not paid overtime compensation at the proper overtime rate by Defendants for each hour that he worked over forty (40) hours in a work week.

44. Defendants frequently required mandatory weekend shifts. Employees who failed to work such shifts were threatened with suspension, termination, or monetary penalties of $30.00 per missed day.

45. Defendants were involved in, and responsible for paying for work performed.

46. Despite the overtime hours worked, Defendants failed to pay Plaintiff and others time-and-a-half wages as required under 29 U.S.C. § 207.

47. Defendants were aware of the overtime hours worked, as they directly scheduled and supervised the work.

Complaint
*Justin Watkins v.* DRP Masonry, LLC, and Donnie C. Williams
Law Office of J.J. Talbott.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **8** of **20**

48. Defendants failed to maintain accurate records of hours worked, in violation of 29 U.S.C. § 211(c).

49. Defendants' failure to pay overtime was willful and not in good faith.

50. Defendants were the beneficiaries of Plaintiff's work, and Plaintiff was Defendants' "employee" within the meaning of the FLSA and FMWA.

51. Defendant, WILLIAMS supervised the operations of the business DRP MASONRY, LLC, including hiring and firing employees, setting work schedules for the employees, and providing work assignments for employees.

52. Defendant, WILLIAMS, supervised, directed, and managed Plaintiff's work, including determining the nature and scope of the work, hiring, and firing of Plaintiff, the volume of work, the number of hours Defendant worked, and the deadlines in which Plaintiff's work was to be completed.

53. Based on information and belief, the Defendant WILLIAMS:

   a. Was a manager of DRP MASONRY, LLC;

   b. Hired employees;

   c. Fired employees;

   d. Determined business policies of DRP MASONRY, LLC;

   e. Signed checks for DRP MASONRY, LLC;

   f. Signed state and/or federal tax documents on behalf of DRP MASONRY, LLC;

   g. Signed corporate documents on behalf of DRP MASONRY, LLC; and

Complaint
*Justin Watkins v.* DRP Masonry, LLC, and Donnie C. Williams
Law Office of J.J. Talbott.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **9** of **20**

      h.  Is involved in the day-to-day operations of DRP MASONRY, LLC;

54.    Defendant, DRP MASONRY, LLC, knew or should have known Plaintiff was not paid overtime wages at the lawful premium rate for all hours worked in excess of forty (40) per week.

55.    Defendant, WILLIAMS, knew or should have known Plaintiff was not paid overtime wages at the proper rate for all hours worked in excess of forty (40) per week.

56.    At all times material herein, Plaintiff performed the essential duties and worked the number of hours required of her by Defendants.

57.    From approximately April 21, 2024 to May 28, 2025, Plaintiff estimates that he worked approximately 45 or more hours per week for Defendants, and was not paid the overtime premium rate of time-and-a-half for hours worked over forty, as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207.

58.    Although they were legally obligated to do so, Defendants DRP MASONRY, LLC and DONNIE C. WILLIAMS did not make, keep, or preserve adequate or accurate records of all hours worked by Plaintiff and other similarly situated forklift operators, in violation of 29 U.S.C. § 211(c).

59.    Plaintiff and opt in Plaintiffs are entitled to recover any unpaid overtime wages, along with an equal amount of liquidated damages as provided by the Fair Labor Standards Act, 29 U.S.C. § 216(b).

Complaint
*Justin Watkins v.* DRP Masonry, LLC, and Donnie C. Williams
Law Office of J.J. Talbott.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **10** of **20**

60. Plaintiff have retained the undersigned attorneys and are obligated to pay them a reasonable fee for their services pursuant to Art. X, Sec. 24(e) of the Florida Constitution and section 448.110, F.S.

## COLLECTIVE ACTION ALLEGATIONS

61. Plaintiff realleges and incorporates all the paragraphs above as if fully set forth herein.

62. Plaintiff brings this action on behalf of himself and all masonry workers, laborers or operators who were and/or are employed by Defendants and did not received overtime premium compensation/pay for hours worked over forty (40) per workweek during the last three (3) years.

63. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wage/overtime compensation, liquidated damages, attorney's fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests, as well as his own, in bringing this action.

64. These similarly-situated employees are known to Defendants and are readily identifiable through Defendants' business and payroll records. These individuals may readily be notified of this action and allowed to opt in in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

Complaint
*Justin Watkins v.* DRP Masonry, LLC, and Donnie C. Williams
Law Office of J.J. Talbott.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **11** of **20**

65. Plaintiff estimates that there are over fifty (50) potential opt in Plaintiffs who are eligible to join this lawsuit.

66. Plaintiff and the other employees of the Defendants were subject to a common policy or scheme that was instituted by the Defendants wherein the Defendants failed and/or refused to pay the Plaintiff and the Defendants' other employees the overtime premium pay as required by the FLSA.   This policy was applied to all of the Defendants' employees equally.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA
### *Against Defendant DRP MASONRY, LLC*

67. Plaintiff, JUSTIN WATKINS, ("Plaintiff"), incorporates Paragraphs 1 through 66 as if fully set forth herein.

68. Pursuant to 29 U.S.C. § 207(a)(1) of the FLSA, an employer must pay its non-exempt employees at a rate of one and one-half (1½) times their regular rate of pay ("overtime pay") for all hours worked in excess of forty (40) hours in a workweek ("overtime").

69. Defendants are employes subject to the overtime requirements set forth in the FLSA

70. Plaintiff was employed by Defendant DRP MASONRY, LLC during the three (3) year period prior to this Complaint (i.e., the "relevant period" to this claim).

71. As employees of Defendants, Plaintiff and the opt in Plaintiffs, worked hours in excess of the maximum weekly hours permitted under the FLSA but were not properly paid overtime for those excess hours.

Complaint
*Justin Watkins v.* DRP Masonry, LLC, and Donnie C. Williams
Law Office of J.J. Talbott.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **12** of **20**

72. During one (1) or more workweeks, Defendant DRP MASONRY, LLC suffered and permitted Plaintiff to work overtime hours without paying his overtime pay.

73. Plaintiff and the putative class members do not qualify for an exemption from the wage and overtime obligations imposed by the FLSA.

74. Defendant DRP MASONRY, LLC knew or should have known Plaintiff and the putative class members were working unpaid and/or underpaid overtime hours, because it directed him/them to work overtime hours and/or was present during those hours.

75. Defendant DRP MASONRY, LLC knew or should have known Plaintiff and other putative class members were entitled overtime premium pay for all of their overtime hours.

76. Defendant DRP MASONRY, LLC failed and refused to properly compensate Plaintiff and other putative class members at the proper overtime rate for each of their overtime hours.

77. Defendant DRP MASONRY, LLC conduct was willful, within the meaning of the FLSA.

78. Defendant DRP MASONRY, LLC violation of the FLSA was not in good faith.

79. Records concerning the number of hours Plaintiff, and other putative class members, worked each workweek are in the exclusive possession of Defendant DRP MASONRY, LLC, to the extent he maintained such records.

80. Though records concerning the number of hours Plaintiff, and other putative class members, worked each workweek are in Defendants' possession, Plaintiff estimates he worked extensive overtime hours but was not properly paid overtime at the rate of 1 ½ times the regular rate of pay,

Complaint
*Justin Watkins v.* DRP Masonry, LLC, and Donnie C. Williams
Law Office of J.J. Talbott.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **13** of **20**

81. Defendant DRP MASONRY, LLC suffered or permitted Plaintiff, and other putative class members, to work without paying them overtime pay for all of the overtime hours they worked.

82. The identity of all putative class members is unknown at this time, but is known to Defendants, and is set forth in Defendants' records. Plaintiff is entitled to review these records and immediately identify the putative class members who have a right to join this collective action.

83. The exact amount of compensation, including overtime compensation that Defendants have failed to pay Plaintiff and the putative class members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by them.

84. The FLSA requires employers to make keep, and preserve records of the wages, hours, and other conditions and practice of employment, and to preserve such records. Plaintiff and those similarly situated to him are entitled to review their records of hours worked to determine the exact amount of overtime owed by Defendants. Absent Defendants keeping these records as required by law, Plaintiff and the putative class members are entitled to submit their information about the number of hours worked.

85. Because of Defendant DRP MASONRY, LLC's actions, Plaintiff had to retain the undersigned counsel to vindicate his rights under the FLSA, and he is entitled to recover her reasonable attorney's fees and costs connected with this suit.

Complaint
*Justin Watkins v.* DRP Masonry, LLC, and Donnie C. Williams
Law Office of J.J. Talbott.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **14** of **20**

86. As a result of Defendant DRP MASONRY, LLC unlawful acts, Plaintiff and other putative class members have been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, reasonable attorney's fees, costs, and other compensation

**WHEREFORE,** the Plaintiff, JUSTIN WATKINS ("Plaintiff"), on behalf of himself and all others similarly situated, prays this Honorable Court enters Judgement against the Defendant, DRP MASONRY, LLC and:

- Issue and order permitting this litigation to proceed as a collective action pursuant 29 U.S.C. § 216(b);

- Order prompt notice, pursuant 29 U.S.C. § 216(b) to all potential class members that this litigation is pending and that they have the right to "opt-in" to this litigation;

- Certify this matter as a collective action under 29 U.S.C. § 216(b);

- Appoint the undersigned counsel as counsel for the collective action;

- Enter an order declaring that the Defendant DRP MASONRY, LLC violated the FMWA;

- Award Plaintiff and the collective action members unpaid wages at the appropriate minimum wage;

- Award Plaintiff and the collective action members unpaid overtime wages as the appropriate wage;

Complaint
*Justin Watkins v.* DRP Masonry, LLC, and Donnie C. Williams
Law Office of J.J. Talbott.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
www.JJCanHelp.com
Page **15** of **20**

- Find that Defendants violation of the FLSA was willful;

- Award Plaintiff and putative class members liquidated damages, prejudgment interest (to the extent liquidated damages are not awarded);

- Award Plaintiff and putative class members reasonable attorney's fees and costs incurred herein;

- Award Plaintiff and putative class members such other and further relief as this Court deems fair and just.

## COUNT II
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA
*Against Defendant DONNIE C. WILLIAMS*

87. Plaintiff, JUSTIN WATKINS ("Plaintiff"), incorporates Paragraphs 1 through 86 as if fully set forth herein.

88. Pursuant to 29 U.S.C. § 207(a)(1) of the FLSA, an employer must pay its non-exempt employees at a rate of one and one-half (1½) times their regular rate of pay ("overtime pay") for all hours worked in excess of forty (40) hours in a workweek ("overtime").

89. Defendants are employes subject to the overtime requirements set forth in the FLSA

90. Plaintiff was employed by Defendant DONNIE C. WILLIAMS during the three (3) year period prior to this Complaint (i.e., the "relevant period" to this claim).

91. As employees of Defendants, Plaintiff and the opt in Plaintiffs, worked hours in excess of the maximum weekly hours permitted under the FLSA but were not properly paid overtime for those excess hours.

Complaint
*Justin Watkins v.* DRP Masonry, LLC, and Donnie C. Williams
Law Office of J.J. Talbott.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
www.JJCanHelp.com
Page **16** of **20**

92. During one (1) or more workweeks, Defendant WILLIAMS suffered and permitted Plaintiff to work overtime hours without paying his overtime pay.

93. Plaintiff and the putative class members do not qualify for an exemption from the wage and overtime obligations imposed by the FLSA.

94. Defendant WILLIAMS knew or should have known Plaintiff and the putative class members were working unpaid and/or underpaid overtime hours, because it directed him to work overtime hours and/or was present during those hours.

95. Defendant WILLIAMS knew or should have known Plaintiff and other putative class members were entitled overtime premium pay for all of their overtime hours.

96. Defendant WILLIAMS failed and refused to properly compensate Plaintiff and other putative class members at the proper overtime rate for each of their overtime hours.

97. Defendant WILLIAMS conduct was willful, within the meaning of the FLSA.

98. Defendant WILLIAMS violation of the FLSA was not in good faith.

99. Records concerning the number of hours Plaintiff, and other putative class members, worked each workweek are in the exclusive possession of Defendant WILLIAMS, to the extent he maintained such records.

100. Though records concerning the number of hours Plaintiff, and other putative class members, worked each workweek are in Defendants' possession, Plaintiff estimates he worked extensive overtime hours but was not properly paid overtime at the rate of 1 ½ times the regular rate of pay,

Complaint
*Justin Watkins v.* DRP Masonry, LLC, and Donnie C. Williams
Law Office of J.J. Talbott.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **17** of **20**

101. Defendant WILLIAMS knew or should have known Plaintiff, and other putative class members were not properly paid overtime pay for all overtime hours worked during his employment, because he directed them to work those hours, were present while they worked the hours, and/or was responsible for payroll.

102. Defendant WILLIAMS suffered or permitted Plaintiff, and other putative class members, to work without paying them overtime pay for all of the overtime hours they worked.

103. The identity of all putative class members is unknown at this time, but is known to Defendants, and is set forth in Defendants' records. Plaintiff is entitled to review these records and immediately identify the putative class members who have a right to join this collective action.

104. The exact amount of compensation, including overtime compensation that Defendants have failed to pay Plaintiff and the putative class members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by them.

105. The FLSA requires employers to make keep, and preserve records of the wages, hours, and other conditions and practice of employment, and to preserve such records. Plaintiff and those similarly situated to him are entitled to review their records of hours worked to determine the exact amount of overtime owed by Defendants. Absent

Complaint
*Justin Watkins v.* DRP Masonry, LLC, and Donnie C. Williams
Law Office of J.J. Talbott.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **18** of **20**

Defendants keeping these records as required by law, Plaintiff and the putative class members are entitled to submit their information about the number of hours worked.

106. Because of Defendant WILLIAMS's actions, Plaintiff had to retain the undersigned counsel to vindicate his rights under the FLSA, and he is entitled to recover her reasonable attorney's fees and costs connected with this suit.

107. As a result of Defendant WILLIAMS's unlawful acts, Plaintiff and other putative class members have been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, reasonable attorney's fees, costs, and other compensation.

**WHEREFORE,** the Plaintiff, JUSTIN WATKINS ("Plaintiff"), prays this Honorable Court enters Judgement against the Defendant, DONNIE C. WILLIAMS ("Defendant WILLIAMS") and:

- Issue and order permitting this litigation to proceed as a collective action pursuant 29 U.S.C. § 216(b);
- Order prompt notice, pursuant 29 U.S.C. § 216(b) to all potential class members that this litigation is pending and that they have the right to "opt-in" to this litigation;
- Certify this matter as a collective action under 29 U.S.C. § 216(b);
- Appoint the undersigned counsel as counsel for the collective action;

Complaint
*Justin Watkins v.* DRP Masonry, LLC, and Donnie C. Williams
Law Office of J.J. Talbott.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **19** of **20**

- Enter an order declaring that the Defendant DONNIE C. WILLIAMS violated the FMWA;

- Award Plaintiff and the collective action members unpaid wages at the appropriate minimum wage;

- Award Plaintiff and the collective action members unpaid overtime wages as the appropriate wage;

- Find that Defendants violation of the FLSA was willful;

- Award Plaintiff and putative class members liquidated damages, prejudgment interest (to the extent liquidated damages are not awarded);

- Award Plaintiff and putative class members reasonable attorney's fees and costs incurred herein;

- Award Plaintiff and putative class members such other and further relief as this Court deems fair and just.

Dated: June 3, 2025

Respectfully submitted,
/s/ Jeremiah J. Talbott
JEREMIAH J. TALBOTT, ESQ.
Florida Bar No.: 015484
Law Office of J.J. Talbott
900 East Moreno Street
Pensacola, FL 32503
(850) 437-9600 /(850) 437-0906 (facsimile)
jj@talbottlawfirm.com;
civil@talbottlawfirm.com
*Attorney for Plaintiff*

Complaint
*Justin Watkins v.* DRP Masonry, LLC, and Donnie C. Williams
Law Office of J.J. Talbott.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **20** of **20**